UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH WASHINGTON, #305686,

        Plaintiff,

                                                    Hon. Jane M. Beckering

v.                                             Case No. 1:22-cv-86

SHANE JACKSON,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 20).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Brooks Correctional Facility (LRF) where the events giving rise to this action occurred.   Plaintiff initiated this action against LRF Warden, Shane Jackson. Plaintiff alleges that between February 2020 and March 2021, Jackson failed to take appropriate action to protect Plaintiff and other prisoners from contracting COVID-19.   Plaintiff further alleges that he contracted COVID-19 as a result of Jackson's failures.   Asserting that Jackson's actions violate his Eighth and Fourteenth Amendment rights, Plaintiff seeks $5,500,00.00 in damages.   Plaintiff further

-1-

requests that he be released from custody.    Defendant Jackson now moves for relief on the ground that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion.    The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

*Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   This obligation only extends, however, to such administrative remedies as are available.   *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."   *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

-4-

*Bock*, 549 U.S. at 218.

Defendant concedes that Plaintiff pursued, through all three steps of the prison grievance process, a grievance regarding his claims against Defendant Jackson.   (ECF No. 21 at PageID.83-87).   Plaintiff's Step I grievance was rejected on the ground that it presented a non-grievable issue, which "needs to be addressed in the Warden's Forum." (ECF No. 21-3, PageID.87).   Plaintiff nevertheless pursued his grievance through Steps II and III where the rationale of the Step I rejection was upheld.   (ECF No. 21-3,PageID.83-86).   Defendant argues that because Plaintiff's claim against him was "non-grievable," Plaintiff's pursuit of administrative relief through the grievance process does not constitute proper exhaustion of his present claims.   Defendant further argues that because Plaintiff failed to pursue the matter in the Warden's Forum he failed to properly exhaust his administrative remedies.   The Court disagrees.

First, Defendant's argument "ignores Sixth Circuit caselaw holding that a prisoner cannot be required to exhaust administrative remedies regarding non-grievable issues."  *Shepard v. Artis*, 2022 WL 17812813 at *3 (W.D. Mich., Sept. 26, 2022) *Report and Recommendation Adopted by Shepard v. Artis*, 2022 WL 17752251 (W.D. Mich., Dec. 19, 2022).   Defendant has likewise failed to identify any provision in the MDOC grievance policy that required Plaintiff to present his claims to the Warden's Forum.

Plaintiff's grievance was rejected because it asserted "issues which affects (sic) more than just one."   (ECF No. 21-3, PageID.87).   According to the grievance respondent such an issue "needs to be addressed in the Warden's Forum."   (*Id.*).

Defendant has failed to identify any provision within the MDOC grievance policy that authorizes the rejection of a grievance because it addresses an issue which "affects more than just one" or that such issues must be presented to the Warden's Forum.

In his motion, Defendant argues that Plaintiff's grievance was rejected because it constituted a challenge to the "content of [an MDOC] policy or procedure."   (ECF No. 21 at PageID.66; Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ (J)(8)).   Even so interpreted, the result is the same.   MDOC Policy provides that when a prisoner asserts a general challenge to a policy or procedure or complains how a policy or procedure is applied to others, the prisoner "*may* direct comments to the Warden's Forum. . ."   Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ (J)(8) (emphasis added).   This language does not, however, *require* a prisoner to present such issues to the Warden's Forum.[1]

Moreover, as other courts have recognized, claims challenging the alleged failure by prison officials to protect prisoners from COVID-19 do not constitute a challenge to MDOC policy or procedure and, therefore, fall outside the scope of the grievance policy provision quoted above.   *See Shepard*, 2022 WL 17812813 at \*3.   But, even if the Court assumes that Plaintiff's claim does constitute a challenge to MDOC policy or procedure and, furthermore, that he was *required* to present such to the Warden's Forum, Plaintiff

---

[1] To the extent that the response to Plaintiff's grievance is interpreted as a mandate to Plaintiff that he pursue his claim in the Warden's Forum, Defendant has cited no authority that allows prison officials to impose their own exhaustion requirements on an *ad hoc* basis.   *See Shepard*, 2022 WL 17812813 at \*3.

has presented evidence that he did, in fact, present his claim to the Warden's Forum. (ECF No. 28 at PageID.149-50).

Simply put, the record before the Court reveals that Plaintiff pursued the administrative remedies that were available to him, which is all that the PLRA requires. Defendant has, therefore, failed to satisfy his burden on the question of exhaustion.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 20) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 10, 2023                    /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge

-7-